UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| NICHOLAS MICHAEL VERITY,<br>    Plaintiff,<br><br>        v.<br><br>JONATHAN HARGREAVES, et al.,<br>    Defendants. | No. 3:22-cv-813 (SRU) |

## ORDER OF DISMISSAL

Federal Rule of Civil Procedure 41(b) provides that a plaintiff's case may be dismissed for "fail[ure] to prosecute or to comply with these rules or a court order." Plaintiff Nicholas Michael Verity has failed to prosecute this case by failing to comply with court orders. Accordingly, for the reasons set forth in this order, I dismiss this case pursuant to Rule 41(b).

### I.     Relevant Background

On June 24, 2022, Nicholas Michael Verity, proceeding *pro se*, filed this action against defendants Jonathan Hargreaves, Mahboob Ashraf, Juanita Scott, John Doe (#1, Lieutenant), Linda Oeser, Jane Doe, April Sweet, John Doe (#2, Captain), Tammy Ryan, Keri Lewis, John Doe (#3, Nurse) (collectively, "Defendants") alleging inadequate medical treatment for a knee injury. *See generally* Doc. No. 1. On July 15, 2022, United States Magistrate Judge Thomas O. Farrish granted Verity's application to proceed *in forma pauperis* ("IFP Ruling"). Doc. No. 9. At that time, Judge Farrish advised Verity of his obligations under District of Connecticut Local Rule of Civil Procedure 83.1(c)(2), which provides that any self-represented party must provide an address where service can be made upon that party and to notify the Court of any change of address. *Id.*

On July 18, 2022, mail previously sent to Verity at his address of record, at the New Haven Correctional Center, was returned to the Court after being marked undeliverable. The only address that the Court has for Verity is at New Haven Correctional Center. However, public records indicate that Verity is no longer incarcerated in a Connecticut Department of Correction facility. *See* Doc. No. 10. On that basis, I concluded that Verity was no longer confined at New Haven Correctional Center. On July 26, 2022, I ordered Verity to update his address with the Court within twenty-one days, on or before August 16, 2022 ("the Address Order"). *Id.* I warned that failure to timely respond to the Address Order may result in dismissal of his case. *Id.* at 2.

On that day, the Court mailed a copy of the Address Order to Verity at the New Haven Correctional Center. The Court also mailed a copy of the Address Order to Verity at an East Haven, Connecticut address that the Court obtained from Verity's publicly-listed counsel of record in a contemporary state court case, *State v. Verity*, Dkt. No. U04W-CR22-0498401-S (Conn. Sup. Ct. 2022). On August 10, the copy of the Address Order mailed to the East Haven address was returned as undeliverable. On August 17, 2022, the copy of the Address Order mailed to the New Haven Correctional Center was also returned as undeliverable.

On August 17, 2022, I ordered Verity to show cause why this case should not be dismissed for his failure to comply with a court order ("the Show Cause Order"). Doc. No. 11. I ordered Verity to file a response within twenty-one days, on or before Wednesday, September 7, 2022, providing good cause for his failure to comply. *Id.* I further advised that failure to timely respond would result in dismissal of this case. *Id.* at 2.

On the same day, I mailed a copy of the Show Cause Order to Verity at the New Haven Correctional Center. On September 1, 2022, the copy of the Show Cause Order was returned to the Court as undeliverable.

As of September 14, 2022, Verity has neither filed a Notice of Change of Address nor responded to the Show Cause Order.

**II.     Standard of Review**

A district court may involuntarily dismiss an action under Rule 41(b) if a plaintiff "fails to prosecute or to comply with [the Federal Rules of Civil Procedure] or a court order." Fed. R. Civ. P. 41(b); D. Conn. L. Civ. R. 41(a); *Simmons v. Abruzzo*, 49 F.3d 83, 87 (2d Cir. 1995) (holding that the district court "has the power under Fed. R. Civ. P. 41(b) to dismiss a complaint for failure to comply with a court order, treating the noncompliance as a failure to prosecute"). The Court may dismiss on a defendant's motion or *sua sponte*. *LeSane v. Hall's Sec. Analyst, Inc.*, 239 F.3d 206, 209 (2d Cir. 2001). Unless the dismissal order states otherwise, a Rule 41(b) dismissal "operates as an adjudication on the merits." Fed. R. Civ. P. 41(b).

"[D]ismissal for failure to prosecute is a harsh remedy to be utilized only in extreme situations." *United States ex rel. Drake v. Norden Sys., Inc.*, 375 F.3d 248, 254 (2d Cir. 2004). In considering whether such dismissal is appropriate, the Court must assess the record as a whole and consider the following five factors: (1) the duration of the plaintiff's failure to comply with the court order, (2) whether the plaintiff was on notice that failure to comply would result in dismissal, (3) whether the defendants are likely to be prejudiced by further delay in the proceedings, (4) a balancing of the court's interest in managing its docket with the plaintiffs' right to due process and interest in receiving a fair chance to be heard, and (5) the efficacy of sanctions less drastic than dismissal. *Id.*; *Alvarez v. Simmons Mkt. Research Bureau, Inc.*, 839

F.2d 930, 932 (2d Cir. 1988) (applying the five factor test to a Rule 41(b) dismissal for failure to comply with a court order); *see also Jackson v. City of New York*, 22 F.3d 71, 74 (2d Cir. 1994) (advising that the fourth factor requires balancing the court's interest in managing its docket with the plaintiff's "right to due process"). "No single factor is generally dispositive." *Baptiste v. Sommers*, 768 F.3d 212, 216 (2d Cir. 2014).

### III. Discussion

The first factor, the duration of the delay, favors dismissal. The delay arising from Verity's failure to update his address has been minimal, because Verity only filed this lawsuit about two and half months ago. Nevertheless, this factor favors dismissal. Because the Court has no way to contact Verity, the duration of noncompliance risks being indefinite. As other courts have observed, an action "cannot proceed at all unless the Court and defense counsel are able to contact plaintiff to, *inter alia*, arrange conferences, obtain discovery, serve motions and schedule trial." *Sturgis v. DeMarco*, 2013 WL 3288308, at *2 (E.D.N.Y. June 27, 2013). Therefore, a court may dismiss a complaint where the plaintiff has failed to provide the Court with a notice of a change of address. *Id.* (collecting cases).

The second factor, notice that noncompliance will result in dismissal, favors dismissal. Verity was initially warned in the Address Order that failure to provide an updated address "may result in dismissal of this case." Doc. No. 10, at 2. Verity was then expressly advised in the Show Cause Order that failure to file a timely and satisfactory response "will result in dismissal of this case." Doc. No. 11, at 2. Taken together, Verity twice received notice of potential dismissal. In the Second Circuit, two warnings constitute sufficient notice. *See, e.g., Hunter v. New York State Dept. of Corr. Services*, 515 F. App'x 40, 43 (2d Cir. 2013) (summary order) (concluding that the two warnings described therein sufficiently put the plaintiff on notice);

4

*Chavis v. City of New York*, 2018 WL 6532865, at *4 (S.D.N.Y. Oct. 12, 2018), *report and recommendation adopted*, 2018 WL 6528238 (S.D.N.Y. Dec. 11, 2018) (deeming two warnings sufficient to warrant dismissal).

The third factor, prejudice to the defendants, does not favor dismissal. In general, the Court may presume that delay prejudices the opposing party. *Drake*, 375 F.3d at 256. In this case, however, Verity only filed this lawsuit recently, less than three months ago. Moreover, because the Court has not yet conducted an Initial Review Order of Verity's complaint pursuant to 28 U.S.C. § 1915A, the defendants have not yet been served and presumably have not begun devoting resources to their defense. Therefore, although Verity's non-responsiveness prejudices the defendants by rendering them unable to bring a matter to resolution, *see Johnson v. Cook*, 2022 WL 1018231, at *2 (D. Conn. Apr. 5, 2022), I cannot conclude that they have been substantially prejudiced by Verity's non-responsiveness in these circumstances. *See LeSane*, 239 F.3d at 210 (concluding that the third factor only slightly favored dismissal where there were "no indications that the delay increased the litigation costs defendants had to bear or reduced (perhaps due to decaying evidence) their likelihood of success on the merits").

The fourth factor, balancing the court's interest in managing its docket with the plaintiff's right to due process, slightly favors dismissal. I have considered Verity's right to due process. Because Verity has declined to participate in this action by responding to court orders, he appears to have chosen not to exercise his rights.

The fifth factor, considerations of sanctions less drastic than dismissal, favors dismissal. Dismissal is appropriate where a plaintiff repeatedly ignores a court order, especially where the plaintiff has been warned that sanctions could be imposed for noncompliance. *E.g.*, *Ampudia v. Lloyd*, 531 F. App'x 32, 35 (2d Cir. 2013) (summary order); *Hiller v. Farmington Police Dept.*,

2014 WL 992790, at *4 (D. Conn. Mar. 13, 2014).  To balance Verity's due process rights against the extreme nature of dismissal for failure to prosecute, however, I will dismiss this case without prejudice.

### IV.   Conclusion

I conclude that Verity has failed to prosecute this case by failing to comply with court orders.  After considering the relevant factors, I determine that dismissal pursuant to Federal Rule of Civil Procedure 41(b) is warranted.  Accordingly, this matter is hereby **dismissed** without prejudice.

If Verity wishes to pursue this action, he may file a motion to reopen the case, setting forth good cause for the failure to prosecute and to comply with court orders, and a basis for reopening the case.

I respectfully request that the Clerk close this case without prejudice.

So ordered.

Dated at Bridgeport, Connecticut, this 14th day of September 2022.

/s/ STEFAN R. UNDERHILL
Stefan R. Underhill
United States District Judge